### Catherine Miskell, Defendant in Error, v. F. T. Boydston, Plaintiff in Error.

### Gen. No. 14,621.

MUNICIPAL COURT—*when judgment reversed and final judgment rendered in Appellate Court.* If there is no evidence of negligence to support the bill of particulars of the plaintiff, a judgment in his favor will be reversed and final judgment rendered for the defendant in the Appellate Court.

Action in case for personal injuries. Error to Municipal Court of Chicago; the Hon WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed with finding of fact. Opinion filed December 7, 1909.

MANN & MILLER and GALE BLOCKI, for plaintiff in error.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

The amended bill of particulars filed in the Munici-

Miskell v. Boydston, 152 Ill. App. 66.

pal Court of Chicago after the trial and before judgment, but recognized by an order entered within thirty days after judgment granting leave to file it *nunc pro tunc* as of the day before the trial, read as follows: "That the cause of action arises by reason of defendant undertaking to make certain repairs on premises, owned by him and occupied by plaintiff; that defendant made said repairs in a negligent and careless manner, and that plaintiff, while in the exercise of ordinary care, was injured by reason of falling through certain stairs upon which said repairs were made by defendant in said careless manner and thereupon plaintiff sustained permanent injuries."

Plaintiff's brother rented the second floor flat of a two story frame cottage from defendant, under a written lease, and on the day they moved in she sent word to the agent that the stairs and porch were not strong enough to hold four men and the piano that were to be taken up the back porch. Thereupon defendant sent men over to strengthen it. There is a conflict as to how it was strengthened and whether or not the props were removed after the piano was in. Plaintiff did not go on the back porch until a week thereafter. On shaking out a carpet, some loosened boards gave way and she fell through, sustaining injuries.

The court charged that the plaintiff sought recovery on the ground that, although there was no legal responsibility resting upon the landlord to make these repairs, yet if the landlord undertook to make the repairs, and made the repairs negligently, and that by reason of such negligent repairs the plaintiff was injured, then the plaintiff may recover.

This is in accordance with the amended bill of particulars subsequently filed and is the only ground upon which a recovery could be based. But under the undisputed evidence, the landlord did not, and was not requested to, make repairs generally but to fix up the porch so as to make it safe to bring up the piano.

This he did.   Even if his men subsequently removed the props—and the very clear preponderance of the evidence is that they did not do so—plaintiff was not deceived in this respect, for she claims to have seen them removed.   She therefore could not have relied on their being in place when she used the porch.

Moreover there is no evidence that the repairs were negligently made.   On the contrary plaintiff's daughter testified that the piano movers loosened the boards of the porch.   This was subsequent to the repair work by the defendant.

On the ground that there is no such evidence of negligence as is alleged in the amended bill of particulars the judgment will be reversed with a finding of facts and the cause will not be remanded.

*Reversed with finding of facts.*